Case 4:26-cv-00133   Document 9   Filed 02/02/26 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YUMAIKE SANCHEZ VICET, § <br> A# 240-806-315, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> WARDEN, JOE CORLEY DETENTION § <br> CENTER, *et al.* § | CIVIL ACTION NO. 4:26-0133 |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Yumaike Sanchez Vicet is detained in the custody of officials with Immigration and Customs Enforcement (ICE) at the Joe Corley Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

The petition and supporting documents state that the petitioner is a native and citizen of Cuba; that he entered the United States near Eagle Pass, Texas, on or about July 30, 2022, and was detained shortly after; that officials released him on his own recognizance on August 1, 2022; that he has resided continuously in the United States since that date; that he applied for political asylum in 2023 and has obtained employment authorization and a driver's license; that over three years later, on October 20, 2025, officials detained him when he appeared at ICE offices for a scheduled appointment; that he does not pose a danger or a flight risk and there have been no relevant changes in circumstances since

officials released him in 2022; and that the respondents are unlawfully subjecting him to mandatory detention under 8 U.S.C. § 1225(b). He seeks immediate release or, in the alternative, a bond hearing under 8 U.S.C. § 1226, among other relief.

On January 20, 2026, the Court entered an order for an expedited answer (Dkt. 4). The Court also entered an order to show cause (Dkt. 5) why the petitioner should not be immediately released from custody or, in the alternative, be granted a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days.

On January 23, 2026, the federal respondents filed a motion to dismiss the petition or, in the alternative, for summary judgment (Dkt. 6). The respondents oppose habeas relief, arguing that the petitioner failed to exhaust his administrative remedies, that he is subject to mandatory detention under 8 U.S.C. § 1225(b), and that his due-process claim fails. They do not contest the material facts recited by the petitioner and assert no other basis for the petitioner's detention.

The petitioner filed a reply (Dkt. 8) arguing that exhaustion is not required and would be futile and that the respondents' position regarding § 1225(b) defies the plain language of the statute. He also argues, in support of his due-process claim, that the immigration courts have been systematically transformed and are no longer capable of providing an impartial tribunal and individualized assessment for purposes of § 1226(a).

Having considered the parties' briefing and all matters of record, the Court determines that the petitioner, who had been present in the United States for over three years when detained, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See*

*Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456, 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines that the exhaustion doctrine does not bar judicial review. *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680-81 (W.D. Tex. 2025) (exhaustion is not required because requiring the petitioner to wait indefinitely for an agency appeal would exacerbate his alleged constitutional injury); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts). Because the respondents do not argue that 8 U.S.C. § 1226(a) applies, the Court does not consider § 1226(a) as a basis for the petitioner's detention.[1]

---

[1] *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025) ("Since there is no indication or present assertion that Petitioner is subject to detention under section 1226, the Court sees no reason to consider that basis"); *Luna v. Warden*, No. EP-25-CV-00565-DCG, 2025 WL 3787494, at *11 (W.D. Tex. Dec. 29, 2025) ("The Court will not consider whether Petitioner's detention is lawful under authorities for which Respondents themselves have not advocated"); *Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418, at *6 (W.D. Tex. Dec. 2, 2025). In any event, § 1226(a) has specific requirements, including issuance of a warrant. *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Chogllo Chafla v. Scott*, No. 2:25-CV-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025). The respondents have not asserted that the requirements of § 1226(a) were satisfied in this case.

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The remedy for unlawful detention "is, of course, release." *Id.*; *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (based on statutory language of 28 U.S.C. § 2241(c)(3) and the common-law history of the writ, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); *see also Ahmed* 2026 WL 25627, at *3 (collecting recent cases). After reviewing the authorities and all matters of record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case.

The Court therefore **ORDERS** as follows:

1. The respondents' motion to dismiss the petition or, in the alternative, for summary judgment (Dkt. 6) is **DENIED**.

2. The petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**. The respondents are **ORDERED** to release the petitioner from custody **within 48 hours of this order** to a public location.

3. The respondents are further **ORDERED** to inform the petitioner and petitioner's counsel of the time and location of release **at least two hours before the release**.

4. The respondents are further **ORDERED** to file a status report updating the Court **within five days** of this order.

5. The Court previously ordered that the respondents notify the Court and petitioner's counsel of any anticipated or planned transfer of the petitioner

outside of the Southern District of Texas at least five (5) days before any such transfer. This order **REMAINS IN PLACE**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____February 2_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE